# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SETH A. REICHENBACH AND BRYAN C. REICHENBACH, | NO. 3:19-CV-00932-ARC |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| HAYES, JOHNSON & CONLEY, PLLC AND JOEL D. JOHNSON, | |
| Defendants. | |

## **MEMORANDUM**

Presently before me is the Defendants' Motion to Dismiss (*See* Doc. 7) filed by the Defendants, Hayes, Johnson & Conley, PLLC and Joel D. Johnson (collectively, "the Defendants"). The Plaintiffs, Seth A. Reichenbach and Bryan C. Reichenbach (collectively, "the Plaintiffs") allege that the Defendants filed an action against them in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (*See* Doc. 1). Because the Plaintiffs state a claim for relief that the Defendants have violated §§ 1692f(1), 1692e(2)(A), & 1692e(10) by demanding unincurred attorneys' fees and unauthorized late fees in their debt collection action, but have not sufficiently alleged a claim under § 1692i(a)(2) for improper venue, the Defendants' Motion to Dismiss will be granted in part and denied in part.

## **I. Background**

The facts from the Plaintiffs' Complaint (Doc. 1), taken as true and viewed in the light most favorable to the Plaintiffs are as follows:

The Plaintiffs are brothers who reside in Florida. (*Id.* at 1). They own a time-share interval, specifically Interval No. 30 of Unit RV46 of Phase IIIB, Area I, River Village, Stage I of the Shawnee Village Planned Residential Development ("Development") in Monroe County, Pennsylvania. (*Id.* at 12). The Defendants consist

of a law firm, Hayes, Johnson & Conley and an attorney for the firm, Joel D. Johnson that represent the River Village Phase IIIB Owners Association ("Timeshare Association"). (*See id.* at 3).

On October 9, 2018, the Defendants brought a debt collection action against the Plaintiffs in Monroe County to recover $2,764.97 in connection with a consumer debt owed to the Timeshare Association ("the Underlying Complaint"). (*See id.* at 7-10). In the Underlying Action, the Defendants requested $1,764.97 in unpaid association fees and late fees, and $1,000.00 in reasonable attorneys' fees and costs. (*Id.* at 10). Pursuant to the Declaration of Protective Covenants, Mutual Ownership and Easements, dated March 6, 1980 ("Declaration of Protective Covenants"), each owner of a time-share interval in the Development owes the Timeshare Association fees for his proportionate share of the common expenses estimated for the following fiscal year. (Doc. 7-5 at 27).

On May 30, 2019, the Plaintiffs commenced this action. (*See* Doc. 1). The Plaintiffs contend that the Defendants violated several provisions of the FDCPA by filing the Underlying Complaint in Monroe County and demanding payment of unincurred attorneys' fees and unauthorized late fees. (*Id.* at 1-5) The Plaintiffs are seeking damages, attorney's fees and costs, and "[s]uch other and further relief as the Court shall deem just and proper." (*Id.* at 5). On August 5, 2019, the Defendants filed their Motion to Dismiss (*See* Doc. 7), arguing that the Plaintiffs have failed to state a claim upon which relief may be granted under the FDCPA. (*Id.* at 1).

The Motion has been fully briefed and is ripe for review.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of the grounds for the claim. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*). While detailed factual allegations are not required, conclusory statements that allege the complainant is entitled to relief are inadequate. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Legal conclusions that provide the framework for a complaint must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

When considering a Rule 12(b)(6) motion, a court is limited to determining if a plaintiff is entitled to offer evidence in support of his or her claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). A court does not consider whether a plaintiff will ultimately prevail. *Id*. The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). If there are well-pleaded factual allegations, then a court must assume their truthfulness in deciding whether they raise an entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 679 (2007). Dismissal is only appropriate when, accepting as true all the facts alleged in the complaint, Plaintiff has not plead enough factual allegations to provide a reasonable expectation that discovery will lead to evidence of each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

In deciding a Rule 12(b)(6) motion, a court considers the allegations in the complaint and exhibits attached to the complaint. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). In addition to the complaint and any exhibits attached, a court may examine "legal arguments presented in memorandums or briefs and arguments of counsel." *Pryor v. NCAA*, 288 F.3d 548, 560 (3d Cir. 2002) (quotation omitted). A court may also consider a "document integral or explicitly relied upon in the

complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). At bottom, documents may be examined by a court when ruling on a motion to dismiss when the plaintiff had proper notice of the existence of the documents. *Id.* A court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

### III. Discussion

Along with their briefs, the Plaintiffs have attached to their Complaint, the Underlying Complaint and their Deed to their time-share interval. (*See* Doc. 1). The Defendants also attached these documents to their Motion to Dismiss, in addition to the Declaration of Protective Covenants. (*See* Doc. 7-5). As a court deciding a motion to dismiss may consider undisputably authentic documents the parties submit, the aforementioned documents will form part of the record for resolution of the motion to dismiss. The Plaintiffs allege the Defendants breached the FDCPA by (1) filing a lawsuit in a district where the Plaintiffs do not reside in violation of § 1692i(a)(2), (2) misrepresenting the amount of debt owed to the Timeshare Association by including $1,000.00 of unincurred attorney's fees in violation of §§ 1692e(2)(A) & 1692e(10), (3) demanding $1,000.00 in unincurred attorney's fees, not authorized by law or the Declaration of Protective Covenants, in violation of § 1692f(1), and (4) demanding a judgment amount that included unauthorized late fees in violation of §§ 1692f(1), 1692e(2)(A), & 1692e(10). (Doc. 1 at 4-5). The Defendants move to dismiss all claims in the Plaintiffs' Complaint, because each one fails to state a claim upon which relief may be granted under the FDCPA. (*See* Doc.7). They also ask to strike the Plaintiffs' plea for "[s]uch other and further relief as the Court shall deem just and proper." (*See id.*).

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors." *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015), abrogated on other grounds (quoting 15 U.S.C. § 1692e). Since the FDCPA is remedial legislation, the Supreme Court has instructed that it must be construed broadly. *Id*. A court must interpret any communication that gives rise to an FDCPA claim from the viewpoint of the least sophisticated debtor. *Id.* Such a low bar "effectuate[s] the basic purpose of the FDCPA: to protect all consumers, the gullible as well as the shrewd." *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 246 (3d Cir. 2014) (internal quotations omitted). Since Monroe County was a proper place for the Defendants to file the Underlying Complaint, the Plaintiffs have failed to allege that the Defendants violated § 1692i(a)(2). On the other hand, the Plaintiffs have sufficiently alleged that the Defendants violated §§ 1692f(1), 1692e(2)(A), & 1692e(10) by misrepresenting the amount of debt owed to the Timeshare Association with the inclusion of unincurred attorneys' fees and unauthorized late fees.

### I. Improper Venue

The Plaintiffs assert that the Defendants violated § 1692i(a)(2) by bringing a debt collection action against them in Monroe County rather than in Florida, where they reside. (Doc. 1 at 3). Section 1692i(a) provides that any debt collector who brings a debt collection action against any consumer shall:

> (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
>
> (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity–
>
>> (A) in which such consumer signed the contract sued upon; or
>>
>> (B) in which such consumer resides at the commencement of the action.

Since the Plaintiffs live in Florida and did not sign the Deed to their time-share interval in Monroe County, PA, the Plaintiffs contend that the Defendants are in

5

violation of the § 1692i(a)(2). (Doc. 8 at 6). The Defendants, however, argue that venue in Monroe County is proper, because § 1692i(a)(1) allows for a debt collection action regarding "an interest in real property securing the consumer's obligation" to be filed in "a judicial district or similar legal entity in which such real property is located." (Doc. 7-2 at 8-12). As such, filing the action in Monroe County does not run afoul of the FDCPA, because the time-share interval owned by the Plaintiffs is located there. (*Id.*)

I must decide if the debt collection action at hand to recover unpaid association fees in connection with the ownership of a time-share involves the enforcement of "an interest in real property securing the consumer's obligation" as contemplated by § 1692i(a)(1). The real property subprovision, § 1692i(a)(1), allows one to bring a debt collection action "to enforce an interest in real property securing the consumer's obligation . . . only in a judicial district or similar legal entity in which such real property is located." Typically, Courts have construed this section as referring to mortgage foreclosure actions. *See Kaymark*, 783 F.3d at 179 (citing § 1692i as an example of a place where the FDCPA contemplates including foreclosure proceedings within its broad definition of a debt collection action); *Vien-Phuong Thi Ho v. ReconTrust Co., NA,* 858 F.3d 568, 584 (9th Cir. 2017) (stating that the language in the real property subdivision of § 1692i(a) demonstrates that Congress meant for a mortgage foreclosure to constitute a debt collection within the meaning of the FDCPA). Notwithstanding this interpretation, neither the text of the FDCPA nor its case law limit the language § 1692i(a)(1) as only applying to mortgage foreclosures. *See also Elizarov v. Equity Experts LLC*, 312 F. Supp. 3d 624, 633 (E.D. Mich. 2018) (noting that the scope of § 1692i(a)(1) is not limited to mortgage foreclosures).

The Defendants' debt collection action to recover unpaid association fees involves the enforcement of "an interest in real property securing the consumer's obligation," because the debt arose from a covenant running with the time-share interval to pay such fees under the Declaration of Protective Covenants. "[M]ost

6

jurisdictions refer to covenants as interests in real property." *In re Eno*, 269 B.R. 319, 322 (Bankr. M.D. Pa. 2001) (citing 9 Powell on Real Property § 60.04[1] at 60–43; *In re Penn Cent. Transp. Co.*, 341 F.Supp. 815, 817 (E.D. Pa.1972)). The Land Banks Chapter of Pennsylvania's Real and Personal Property Statute also defines "real property" as "[l]and and all structures and fixtures thereon and all estates and interests in land, including easements, *covenants* and leaseholders." 68 Pa. Cons. Stat. § 2103 (2012) (emphasis added).

Here, the Declaration of Protective Covenants, to which the Plaintiffs are subject, is a covenant running with the land that provides for the collection of association fees for common expenses. The Declaration of Protective Covenants states:

> Shawnee Development, Inc. hereby declares that the Property is and shall be owned, occupied, improved, transferred, sold, leased and conveyed subject to the Protective Covenants, Mutual Ownership and Easements and the other provisions of this Declaration are intended to enhance and protect that value and desirability of the Property and mutually benefit each of the Units to be located thereon . . . and to create reciprocal rights and privity of contract and estate between all person acquiring or owning an interest in any of the said Units, including Intervals, and further including Shawnee Development, Inc., and said Protective Covenants, Mutual Ownership provisions and Easements shall be deemed to run with the land and be a burden and benefit on all such persons and the Property.

(Doc. 7-5 at 3). The Declaration of Protective Covenants further maintains, "Each owner shall be assessed his proportionate share of the estimated cost required for Common Expenses for the next Fiscal Year, such share to be determined by dividing such estimated cost requirements by the total number of Intervals of all Units on the Property . . . ." (Doc. 7-5 at 27). The covenant to pay fees for "common expenses" is binding on the Plaintiffs due to their undisputed ownership of a time-share interval in the Development and the Declaration of Protective Covenants that runs with it. Accordingly, the Defendants properly took advantage of the real property subprovision, § 1692i(a)(1), because the Declaration of Protective Covenants, which provides for the collection of association fees, constitutes an interest in real property. The Defendants decision to file the Underlying Complaint in Monroe County is proper

as the Plaintiffs' time-share interval is located there. Thus, I will dismiss with prejudice the Plaintiffs' claim that the Defendants breached § 1692i(a)(1) by filing a debt collection action in a district where the Plaintiffs do not reside.

### II. Defendants Misrepresented the Amount of Debt Owed to the Timeshare Association by Including Demands For Unincurred Attorneys' Fees and Unincurred Late Fees

The Plaintiffs contend that the Defendants misrepresented the amount of debt owed in the Underlying Complaint by requesting unincurred attorneys' fees and unauthorized late fees in violation of §§ 1692e(2)(A), 1692e(10), & 1692f(1). Regarding attorneys' fees, the Plaintiffs assert that the Defendants violated §§ 1692e(2)(A), 1692e(10), & 1692f(1) by demanding $1,000.00 for unincurred attorney's fees, which were not authorized by law or the Declaration of Protective Covenants. (Doc. 1 at 4-5). The Defendants responded that the request for attorneys' fees was appropriate, because they were "directly inform[ing] Plaintiffs of the amount of reasonable attorneys' fees and costs that 'will' be, but have not yet been incurred." (Doc. 7-2 at 12). They are not "mischaracterizeing a current debt, but truthfully informing what the ultimate debt will be when reasonable attorneys' fees and costs are added."(*Id.*)

With respect to late fees, the Plaintiffs contend that the Defendants violated §§ 1692e(2)(A), 1692e(10), & 1692f(1) by including an assessment for late fees, which were not authorized by law or the Declaration of Protective Covenants. (Doc. 1 at 5). The Defendants responded that the request for late fees was appropriate under the Declaration of Protective Covenants, because the contract provides for the assessment of "interest accrued" on unpaid association fees. (Doc. 7-2 at 12-13). Viewing the Underlying Complaint in the light most favorable to the least sophisticated debtor and taking as true the allegations in the instant complaint for the purposes of a Rule 12(b)(6) motion, the Plaintiffs have sufficiently plead that the Defendants misrepresented the amount of the debt owed by requesting a judgment that included unincurred attorneys' fees and unauthorized late fees in violation of §§ 1692e(2)(A),

1692e(10), & 1692f(1).

The Plaintiffs have properly plead that the Defendants violated §§ 1692e(2)(A) & 1692e(10) by requesting payment for unincurred attorneys' fees and unauthorized late fees in the Underlying Complaint. Section 1692e generally provides that debt collectors "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes falsely representing "the character, amount, or legal status of any debt" under §1692e(2)(A) and "[t]he use of any false representation or deceptive mean to collect or attempt to collect any debt or to obtain information concerning a consumer" under §1692e(10). A demand letter is deceptive "where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Michalek v. ARS Nat. Sys., Inc.*, No. 3:11-CV-1374, 2011 WL 6180498, at *3 (M.D. Pa. Dec. 13, 2011).

Failing to accurately set forth the amount of money due as of the date of the debt collection demand letter constitutes a violation of §§ 1692e(2)(A) & 1692e(10). *McLaughlin*, 756 F.3d at 246. In *McLaughlin*, the Plaintiff alleged that the Defendant misrepresented the amount of debt owed in a debt collection demand letter by specifying a set amount of attorneys' fees owed on a certain date. *Id.* The Defendant contended that the demand letter "did not violate the FDCPA because it contained estimates of the amount owed." *Id*. The Court held that the Plaintiff stated a claim that the demand letter misrepresented the amount of debt in violation of §§ 1692e(2)(A) & 1692e(10), because the Defendant's language "inform[ed] the reader of the specific amounts due for specific items as of a particular date" and "the amount actually owed as of that date was less than the amount listed." *Id.* In its reasoning, the Court explained that the drafter of the letter "is responsible for its content and for what the least sophisticated debtor would have understood from it." *Id.* As such, if the Defendant wanted to convey that an amount in the demand letter was "an estimate," then it should have done so. *Id.*

Here, the Plaintiffs have stated a claim that the Defendants also

mischaracterized the amount of attorneys' fees that were due on the date of the Underlying Complaint. First, the Underlying Complaint specifies the Plaintiffs owe "[d]ues, fees and assessments in the amount of $1,764.97" for failure to pay association fees and late fees. (Doc. 1 at 9). Next, it states that the Defendants "will incur reasonable attorneys' fees and costs in this action of $1,000.00, which is reasonable under the circumstances." (*Id.*). The last sentence of the Underlying Complaint provides that the "Plaintiff demands judgment against the Defendants in the amount of $2,764.97," an amount that presently includes the unpaid association fees and late fees, and the "reasonable attorneys' fees and costs." (*Id.*). The Defendants have repeatedly argued that they have not misrepresented the amount of debt owed in attorneys' fees and costs, because they will ultimately incur $1,000.00 in attorneys' fees and costs in this action. (Doc. 7-2 at 12). The message that this conveys to the reader is that, at the time the Defendants demanded judgment for $2,764.97, they were requesting payment for work they had not yet completed. This action mischaracterizes the total amount of debt that the Plaintiffs owed to the Defendants for their services on the date that the Underlying Complaint was filed. Thus, the Plaintiffs have sufficiently plead that the Defendants breached §§ 1692e(2)(A) & 1692e(10) by misrepresenting the amount of attorneys' fees and costs owed on the date of the Underlying Complaint.

For similar reasons, the Plaintiffs have sufficiently alleged that the Defendants also misrepresented the amount of association fees owed by including unauthorized late fees in the judgment requested. The Underlying Complaint provides that the Plaintiffs "have failed and refused to pay the following association fees and late fees which are due and owing to Plaintiff . . . in the amount of $1,764.97." (Doc. 1 at 9). The Declaration of Protective Covenants, however, does not provide for the collection of "late fees" when a time-share interval owner has failed to pay its association assessment. (Doc. 7-5 at 31-32). Instead, it allows for the Timeshare Association to collect "interest . . . at the then maximum legal rate" together with the sum assessed

10

against the time-share interval owner "as a regular, additional or special assessment." (*Id.* at 31). While the Defendants contend that the "late fees" requested as part of the $1,764.97 amount are "actually interest accrued on the delinquent payments" as provided for by the Declaration of Protective Covenants (Doc. 7-2 at 12), this characterization of the debt is misleading as "late fees" and "interest" are different things. Moreover, the Declaration of Protective Covenants does not provide for the assessment of late fees. As drafters of the Underlying Complaint, the Defendants should have specified that the "late fees" were "interest accrued" on the unpaid association fees in the Underlying Complaint. Thus, the Plaintiffs have sufficiently plead that the Defendants breached §§ 1692e(2)(A) & 1692e(10) by misrepresenting the "interest accrued" as "late fees."

The Plaintiffs have properly plead that the Defendants violated §1692f(1) by demanding payment for unincurred attorneys' fees and unauthorized late fees. Section 1692f generally provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Under §1692f(1), this includes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is *expressly* authorized by the agreement creating the debt or permitted by law" (emphasis added). Demanding a judgment "in a way contrary to the underlying agreement" is actionable under the FDCPA. *Kaymark*, 783 F.3d at 176 (emphasis omitted). In *Kaymark*, the Court reviewed a foreclosure complaint that specifically informed the reader of amounts due for particular items on a specified date. *Id.* at 175. One of these items was "Attorneys' Fees." *Id.* at 174. The Plaintiff alleged that the Defendant violated § 1692f(1) for misrepresenting the amount of debt owed. *Id.* at 175. Under the contract, the Plaintiff agreed that the Defendant could collect certain categories of expenses, like attorneys' fees. The contract, however, also specified that the Defendant "could only charge for 'services *performed* in connection with' the default and collect 'all expenses *incurred*' in pursuing authorized remedies." *Id.* The Court held that the Plaintiff had stated a

11

claim for relief under § 1692f(1), because the collection of fees for legal services and expenses "not-yet-performed" were not expressly authorized by the contract. *Id.* at 175-176.

In this case, the Plaintiffs have stated a claim that the Defendants also attempted to collect attorneys' fees that were not expressly authorized by the Declaration of Protective Covenants. Here, the Underlying Complaint stated that the Defendants "*will incur* reasonable attorneys' fees and costs in this action of $1,000.00." (Doc. 1 at 9) (emphasis added). This amount was then included in the requested judgment against the Plaintiffs totaling $2,764.97. (*Id.*). The Declaration of Protective Covenants, however, provides that when an owner of a time-share interval defaults on the payment of assessments, the owner must pay "all expenses of the Declarant, including reasonable attorneys' fees, *incurred* in the collection of the delinquent assessment by legal proceedings or otherwise." (Doc. 7-5 at 32) (emphasis added). As in *Kaymark* where the Plaintiff stated a claim for relief under § 1692f(1), because the Defendant could only charge for expenses incurred in pursuing authorized remedies, the Defendants here are subject to a similar provision in the Declaration of Protective Covenants. Therefore, the Plaintiffs have sufficiently plead that the Defendants violated § 1692f(1) by requesting unincurred attorneys' fees.

For related reasons, the Plaintiffs have sufficiently alleged that the Defendants also improperly requested late fees. As explained above, the Declaration of Protective Covenants does not provide for the collection of "late fees," but rather it allows for the Timeshare Association to collect "interest . . . at the then maximum legal rate" on unpaid association fees for common expenses. (Doc. 7-5 at 31). Since late fees are not expressly authorized by the Declaration of Protective Covenants, the Plaintiffs have stated a claim that the Defendants violated § 1692f(1) by charging them "late fees" in connection with their unpaid association fees.

## IV. Conclusion

For the above stated reasons, Defendants' Motion to Dismiss will be granted in part and denied in part. The Plaintiffs' Claim that the Defendants violated § 1692i(a)(2) is dismissed with prejudice. The Motion is denied in all other respects.[1]

An appropriate order follows.

September 19, 2019
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

---

[1] In so far as the Defendants ask to strike paragraph (c) of the ad damnun clause in the Plaintiffs' Complaint, this request will not be considered on a Rule 12(b)(6) Motion to Dismiss.

## IV. Conclusion

For the above stated reasons, Defendants' Motion to Dismiss will be granted in part and denied in part. The Plaintiffs' Claim that the Defendants violated § 1692i(a)(2) is dismissed with prejudice. The Motion is denied in all other respects.[1]

An appropriate order follows.

September 19, 2019  
Date

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge

---

[1] In so far as the Defendants ask to strike paragraph (c) of the ad damnun clause in the Plaintiffs' Complaint, this request will not be considered on a Rule 12(b)(6) Motion to Dismiss.